IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                    CAUSE NO. 1:18-CR-153-LG-JCG-1

STACEY PRITCHETT

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the [31] Motion for Compassionate Release filed

by the defendant, Stacey Pritchett.  Pritchett seeks compassionate release due to

the number of inmates that have contracted COVID-19.  She notes that she was

scheduled to be transferred to a halfway house on October 7, 2020.

A district court may reduce a defendant's term of imprisonment after (1) "the

defendant has fully exhausted all administrative rights to appeal a failure of the

Bureau of Prisons to bring a motion on the defendant's behalf," or (2) "the lapse of

30 days from the receipt of such a request by the warden of the defendant's facility."

18 U.S.C. § 3582(c)(1)(A).  In the Fifth Circuit's decision of *United States v. Franco*,

the court determined that the exhaustion requirement "is a paradigmatic

mandatory claims-processing rule."  973 F.3d 465, 468 (5th Cir. 2020), *petition for

cert. filed*, (U.S. Oct. 13, 2020) (No. 20-5997).  Because the rule is mandatory but

nonjurisdictional, the Court "*must* enforce the rule" if "the government properly

raise[s]" it.  *Id.* (quoting *Pierre-Paul v. Barr*, 930 F.3d 684, 692 (5th Cir. 2019))

(emphasis in original).  Here, the Government clearly raised the issue in its

response to Pritchett's Motion.  (*See* Gov.'s Opp., at 7-14, ECF No. 36).  Yet,

Pritchett has not submitted evidence that she has exhausted her remedies.  The

Court is therefore without authority to waive enforcement of the rule.

Moreover, if Pritchett is currently residing in a halfway house, as suggested

in her *pro se* Motion, *Franco* requires Pritchett to file a request with the chief

executive officer of her facility.  *Franco*, F.3d at 468-69.  Thus, under these

circumstances, the Court cannot disturb her sentence until she has satisfied one of

the two exhaustion avenues listed above.

Accordingly,

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [31] Motion

for Compassionate Release filed by the defendant, Stacey Pritchett, is hereby

**DENIED**.

**SO ORDERED AND ADJUDGED** this the 16th day of November, 2020.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE